EXHIBIT "A"

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Dec-14 14:31:05
60CV-18-8520
C06D12 : 14 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

JASON M. RYBURN,                                    PLAINTIFF

vs.                      CASE NO. CV _____

ALIERA HEALTHCARE, INC.                      DEFENDANT

**COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ.**

Comes now the Plaintiff and for his Complaint for Damages against Defendant states:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff, Jason Ryburn, is a resident of the state of Arkansas, Pulaski County, residing in Little Rock.

2.      Defendant, Aliera Healthcare, Inc. (Aliera), is a Delaware corporation with its corporate office in Atlanta, Georgia, which advertises and transacts business in the state of Arkansas, including Pulaski County. Aliera is registered to

1

conduct business in Arkansas and may be served through its registered agent, The Corporation Company, at 124 W. Capital Avenue, Little Rock, AR, 72201.

3. This Court has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 16-4-101 and venue is proper pursuant to Ark. Code Ann. § 16-55-213.

4. The TCPA specifically states that this Court shall have jurisdiction over violations of 47 U.S.C. § 227(b) and (c), pursuant to 47 U. S. C. §227(b)(3) and 47 U. S. C. §227 (c)(5).

## BACKGROUND

### The Telephone Consumer Protection Act

5. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricited telemarketing… can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243. §2(5)(1991)(47 U.S.C. § 227).

6. The National Do Not Call Registry allows consumers to register their telephone number and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the

Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

7. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227; 47 C.F.R. § 64.1200(c)(2).

### Automated Telemarketing Calls are Prohibited by the TCPA

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides private causes of action to persons who receive calls in violation of 47 U.S.C. § 227(b) and (c). See 47 U.S.C. § 227(b)(3) and 47 U. S. C. §227 (c)(5). .

9. "Voluminous consumer complaints about abuses of telephone technology - for example, computerized calls dispatched to private homes - prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

10. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings

3

that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

> "[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy."

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff, Jason Ryburn, is a resident of Little Rock, Pulaski County, Arkansas and has been at all relevant times.

12. Plaintiff is, and has been at all relevant times, the authorized user and controller of his personal cell phone number: (501) 231-5622.

13. Plaintiff's cellular phone number, (501) 231-5622, has been registered with the National Do Not Call list since February 26, 2010.

14. Each of the calls made to Plaintiff was received in Arkansas. Aliera employs several persons in Arkansas, is registered to do business in Arkansas, and each caller was told by Plaintiff that Plaintiff was a resident of Arkansas.

15. Plaintiff has no business relationship with the Defendant and never requested, prompted, or consented to these telemarketing calls. They were placed to his personal cellular phone for no legitimate purpose other than to solicit business for Defendant- by or on behalf of Defendant.

16. Defendant is in the business of selling healthcare plans and products and/or enrolling customers in healthcare plans and engages with third party entities to market these plans. The health plans include services by many entities, but all plans advertised in these calls are marketed, packaged, managed and sold by Defendant or on behalf of Defendant.

17. Plaintiff pleads on information and belief that fourteen (14) autodialed telemarketing calls were made by the Defendant or on the Defendant's behalf. The calls occurred on or between December 17, 2017 and April 9, 2018.

18. Plaintiff pleads on information and belief that Defendant's (or Defendant's agent's) calling devices are "autodialers," and as such, are devices that

have the capacity to—and actually do—produce, store and call telephone numbers using a random or sequential number generator meeting the statutory definition of automatic telephone dialing system ("ATDS") within the TCPA.

19. When Plaintiff answered these calls, he heard either a prerecorded message advertising health insurance and requesting that he "press 1" or other numbers at various prompts during the pitch, or in some limited circumstances there was a pause while the auto-dialer connected the call to a live sales representative.

20. During each of the fourteen (14) calls, the callers attempted to sell an Aliera Healthcare plan to Plaintiff, usually after asking a series of basic and cursory screening questions. At no time did one of these callers attempt to sell anything but an Aliera plan and, in fact, made it clear that they could or would not sell any other plan to Plaintiff.

21. The callers also claimed to be associated with "I Life and Health." "I life and Health" is a DBA for I Health and Life Insurance Services, a California company. The same callers also claimed to work for Aliera at times.

22. Plaintiff pleads on information and belief that I Health and Life Insurance Services acted on behalf of Defendant at all relevant times, was directed and controlled by Defendant and was engaged solely in the marketing and sale of

Defendant's products and services by use of autodialed telemarketing utilizing prerecorded marketing messages on behalf of the Defendant. Plaintiff further pleads that Defendant ratified these fourteen (14) calls and the process by which they were made.

23. Plaintiff pleads on information and belief that Aliera placed these calls and/or caused the calls to be made and that Aliera trains call center employees and distributes information to its agents regarding telemarketing activities. At all relevant time, Defendant ratified, was fully in control of, and was responsible for its marketing activities and the fourteen (14) telemarketing calls placed to Plaintiff's personal cellular phone.

24. At no time did Plaintiff give consent to be called by Defendants. Interest was feigned by Plaintiff only in an attempt to identify the callers and the products and services being advertised.

25. Prior to, during, and following these calls, Plaintiff did not conduct any business with Defendant or provide his cellular telephone number to Defendant.

26. Defendant did not have Plaintiff's prior written express consent to make these calls.

7

27. Plaintiff received these calls on his private cellular telephone, as defined and set forth in 47 C.F.R. § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with AT&T as a cellular telephone number and is used for personal, lawful purposes.

28. These telemarketing solicitations constituted "calls" under the TCPA that were not for emergency purposes.

29. Plaintiff suffered actual damages, including but not limited to: invasion of privacy, depletion of his cell phone battery, wasting his time and cellular minutes/data and preventing Plaintiff from using his telephone for lawful, personal purposes. On at least one occasion, one of the calls woke Plaintiff's six day old daughter, invading the privacy of Plaintiff, Plaintiff's spouse and Plaintiff's child. Many of these calls were made to Plaintiff's cell phone while he was on paternity leave and caring for his newborn child and recovering spouse.

30. Plaintiff alleges that these telephone sales calls and/or "robocalls" violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR 64.1200(a)(1)(iii), 47 CFR 64.1200(a)(1), and 47 CFR 64.1200(c)(2).

31. Plaintiff alleges that these telephone sales calls and/or "robocalls" violated Arkansas' Deceptive Trade Practices Prohibition, A.C.A. § 4-88-107(a)(11)(A).

32. Plaintiff alleges that Defendant and/or Defendant's agents used technology to disguise the phone numbers used to call Plaintiff's personal cellular phone.

33. Plaintiff alleges that these calls were made intentionally, in that the number called was the number that Defendant or Defendant's agents intended to call while marketing Aliera plans.

34. Plaintiff alleges that each of these fourteen calls was placed knowingly to Plaintiff's personal cellular phone number, a phone number with an Arkansas prefix.

## CAUSES OF ACTION

**COUNT 1- Negligent Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.**

35. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

9

36. As a result of Defendant's and/or Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 2- Knowing and/or Willful Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.**

38. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

39. As a result of Defendant's and/or Defendant's agents' knowing or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

40. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 3- Negligent Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.**

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. As a result of Defendant's and/or Defendant's agents' negligent violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

43. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### COUNT 4- Knowing and/or Willful Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.

44. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45. As a result of Defendant's and/or Defendant's agents' knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

46. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT 5- Negligent Violation of the TCPA "Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.

47. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## COUNT 6- Knowing and/or Willful Violation of the TCPA "Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## COUNT 7- Knowing violations of Arkansas' Deceptive Trade Practices Prohibition, A.C.A. § 4-88-107(a)(11)(A).

51. Defendants or its/their agents willfully and knowingly employed deception when it concealed its true telephone number and caused its number to appear as if it came from various area codes through use of technology in violation of A.C.A. § 4-88-107(a)(11)(A) and is entitled to damages under A.C.A. § 4-88-113(f), to be determined by a jury.

## DAMAGES AND RELIEF SOUGHT

1. For awards of $500 for each negligent violation as set forth in actions 1-6;

2. For awards of $1,500 for each knowing and/or willful violation as set forth in counts 1-6. (Total statutory damages: **$63,000.00** - 14 counts each of: "sales call," "RoboCall", and "caller ID spoofing"- with treble damages for each.)

3. For award of damages for violations of A.C.A. § 4-88-107(a)(11)(A) and under A.C.A. § 4-88-113(f), to be determined by a jury.

4. Injunctive relief against Defendant to prevent future wrongdoing;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

**WHEREFORE**, Plaintiff, Jason Ryburn, prays for the above-mentioned remedies, including but in no way limited to an award of his costs and reasonable attorney's fees incurred in connection with this matter, and for all other just and proper relief to which Plaintiff may be entitled. Plaintiff reserves the right to amend this complaint, and/or add additional defendants, and/or claims as they may arise through further factual investigation and discovery.

Respectfully Submitted,

*/s/ Jason Ryburn*

Jason M. Ryburn, Esq.
Pro Se Plaintiff
One Financial Centre
650 S. Shackleford Rd. Ste. 231
Little Rock, AR 72211
P: 501-228-8100
F: 501-228-7300